**EXHIBIT 1**

# BURSOR & FISHER
P.A.

**888 SEVENTH AVENUE**
**NEW YORK, NY 10019**
www.bursor.com

**ANDREW J. OBERGFELL**
Tel: **646.837.7129**
Fax: **212.989.9163**
aobergfell@bursor.com

November 12, 2021

<u>*Via Certified Mail - Return Receipt Requested*</u>

Bayer U.S. LLC
100 Bayer Boulevard
Whippany, New Jersey 07981

Re:   *Notice and Demand Letter Pursuant to U.C.C. § 2-607;*
       *and all other relevant state and local laws*

To Whom It May Concern:

This letter serves as a preliminary notice and demand for corrective action by Bayer U.S. LLC ("Bayer" or "You") pursuant to U.C.C. § 2-607(3)(a) concerning breaches of express and implied warranties – and violations of state consumer protection laws, including but not limited to New York General Business Law §§ 349 and 350 – related to our clients, Juan Huertas and Eva Mistretta, and a class of all similarly situated purchasers (the "Class") of defective and falsely labeled Lotrimin and Tinactin medications manufactured and sold by Bayer.

Our clients purchased Lotrimin and Tinactin medications in New York. Specifically, Mr. Huertas purchased Lotrimin Anti-Fungal (AF) Athlete's Foot Deodorant Powder Spray with the lot number TN009K7 from a CVS in Freeport, New York, and Ms. Mistretta purchased a canister of Defendant's Tinactin Athlete's Foot Liquid Spray with the lot number CV01E2X from a Walgreens in Queens, New York (the "Foot Sprays"). The Foot Sprays were manufactured by You and sold by You in New York and across the United States. Our clients' Foot Sprays were defective in that they contained elevated levels of benzene, a carcinogenic and toxic chemical impurity that has been lined to leukemia and other cancers. Indeed, you issued a recall of all Foot Sprays sold between September 2018 and September 2021, including those purchased by our clients. The recall included other Lotrimin and Tinactin products. However, the recall is inadequate in that, among other things, it is not adequately publicized, it does not offer refunds to purchasers who may have discarded their Foot Sprays, it does not promise any changes to Your manufacturing and distribution process so as to prevent future contamination, and it recall does not fully compensate consumers in states like New York, where consumers are entitled to statutory damages above the purchase price of the Products under New York's consumer protection laws.

In short, the Foot Sprays that our clients and the Class purchased are worthless, as they contain benzene, rendering them unusable and unfit for humans. You violated express and

implied warranties made to our clients and the Class regarding the quality and safety of the Foot Sprays they purchased. *See* U.C.C. §§ 2-313, 2-314.

This letter also serves as notice of violation of the New York General Business Law ("GBL") §§ 349 and 350, and all other relevant state and local laws. You violated GBL §§ 349 and 350 by failing to disclose that the Foot Sprays contained elevated levels of benzene, rendering the Foot Sprays unsafe for human use. You knew or should have known about these facts. As a result of Your violation of the GBL §§ 349 and 350, our clients and a subclass of all purchasers of the Foot Sprays in New York sustained injury and are entitled to statutory damages of $550 per violation.

On behalf of our clients and the Class, we hereby demand that You immediately make full restitution to all purchasers of the defective and falsely labeled Foot Sprays of all purchase money obtained from sales thereof, in addition to statutory damages as appropriate.

We also demand that You preserve all documents and other evidence which refers or relates to any of the above-described practices including, but not limited to, the following:

1. All documents concerning the packaging, labeling, and manufacturing process for the recalled Lotrimin and Tinactin products;

2. All documents concerning the design, development, supply, production, extraction, and/or testing of the recalled Lotrimin and Tinactin products manufactured by You;

3. All tests of the recalled Lotrimin and Tinactin products manufactured by You;

4. All documents concerning the pricing, advertising, marketing, and/or sale of the recalled Lotrimin and Tinactin products manufactured by You;

5. All communications with customers involving complaints or comments concerning the recalled Lotrimin and Tinactin products manufactured by You;

6. All documents concerning communications with any retailer involved in the marketing or sale of the recalled Lotrimin and Tinactin products manufactured by You;

7. All documents concerning communications with federal or state regulators; and

8. All documents concerning the total revenue derived from sales of the recalled Lotrimin and Tinactin products.

If you contend that any statement in this letter is inaccurate in any respect, please provide us with your contentions and supporting documents immediately upon receipt of this letter.

Please contact me right away if you wish to discuss an appropriate way to remedy this matter. If I do not hear from you promptly, I will take that as an indication that you are not interested in doing so.

Very truly yours,

Andrew J. Obergfell